# FIRST DEPARTMENT, NOVEMBER, 1944.

## (November 3, 1944.)

In the Matter of EVA HUNT, Deceased.

HENRY F. HOLTHUSEN, Appellant; CLINTON DE ANQUINOS et al., Respondents.

While some of the reasons given by the Surrogate for his ultimate conclusions are not supported by the evidence, we do not find such ultimate conclusions so contrary to the weight of the credible evidence as to warrant reversal of the decree appealed from. Decree and order affirmed, with costs.

COHN, J. (dissenting). The failure of appellant to call as a witness the physician who treated decedent from the day the contested will was executed, appears to have had an important bearing on the ultimate determination made as to the testamentary capacity and the free action of decedent. The absence of the physician as a witness, however, is explained by appellant who claims that he relied upon the statements of the court made during the course of the trial that it had found testamentary capacity; that the factum of the will was proved and that there was only a tenuous basis for holding that the will was the product of undue influence. There was no later indication before the close of the case that the court intended to adopt a contrary view of the testimony. It may well be that appellant was misled by the court's remarks which indicated that no further proof on the issues need be adduced by him. In the circumstances, the motion for a rehearing to afford him the opportunity of calling the physician should have been granted. Accordingly, I dissent and vote to reverse the decree and the order denying appellant's motion for a new trial.

Martin, P. J., Untermyer, Dore and Callahan, JJ., concur in decision; Cohn, J., dissents in opinion.

Decree and order affirmed, with costs.